# REPORTS.

## BELKNAP.

### DECEMBER TERM, A 'D. 1852.

## THE STATE *v*. PERKINS.

THE 5th section of chapter 117 of the Revised Statutes authorized the select-men of a town to license retailers to sell wine and spirituous liquors, without specifying or limiting the purpose for which they might be sold. This section was repealed by the 5th section of the act of July, 1849, which also repealed so much of the 6th section as was inconsistent with the act of 1849. The 6th section imposed a penalty on any person who should sell wine or spirituous liquor without license. *Held*, that as the 5th section of chapter 117, authorizing licenses to be granted, was repealed in terms, and as the 6th section, therefore, amounted to a prohibition of the sale for any purpose, it was inconsistent with the provisions of the act of 1849, which authorized the sale of liquors for medicinal, mechanical or chemical purposes, and was, therefore, repealed.

A person who is licensed to sell wine and spirituous liquors, under the act of 1849, for medicinal, mechanical and chemical purposes, "and for no other use or purpose," is liable to a penalty, if he sells liquors for any other purpose than those specified in the act.

INDICTMENT for a violation of the license law.

The indictment alleged that on the 15th day of May, 1852, at Centre Harbor, in this county, the respondent, being then and there licensed to sell wine and spiritous liquors for medicinal, mechanical and chemical purposes, and for no other use and purpose, did then and there unlawfully

sell one gallon of spiritous liquor to one Rufus Perry Hadley, said gallon of liquor not being sold for medicinal, mechanical or chemical purposes, but for another and different use and purpose, contrary to the form of the statute, &c.

The respondent, upon being arraigned, pleaded *nolo contendere*, and it was agreed that if the court should be of opinion that a sale of spirituous liquor for other purposes than those specified in the license, is a violation of the statute, judgment should be rendered against the respondent, but that if such a sale be not a violation of the statute, he should be discharged.

*Sullivan*, attorney general, for the State.

*Spear*, for the respondent.

GILCHRIST, C. J. The act of July 6th, 1849, (ch. 846,) provides that " the selectmen of the respective towns shall license one or more suitable persons to sell wine and spirituous liquors for medicinal, mechanical, and chemical purposes, and for no other use or purpose."

The 2d section enacts that if any person, not licensed as aforesaid, shall sell any wine or spirituous liquors, he shall be subject to all the penalties provided in the existing laws.

It is very evident, therefore, that the selectmen can grant no license, except for the purposes specified in the act, and that any person who sells wine or spirituous liquors without such a license, is punishable.

The 5th section of the act repeals such parts of the 6th section of ch. 117 of the Revised Statutes as are inconsistent with the provisions of the act in question, and it also repeals entirely the 5th section of that chapter. The 5th section authorizes the selectmen to license any retailer to sell wine and spirituous liquors in any quantity, not less than one pint, without any specification of the purpose for which they are sold.

The State *v.* Perkins.

The 6th section enacts that if any person, not being a licensed taverner or retailer, shall sell any spirituous liquor or wine, mixed or otherwise, he shall be punished, &c.

The substantial difference between the two acts is, that by the act of 1849 spirituous liquors can be sold only for certain specified purposes, whereas by ch. 117 of the Revised Statutes, they can be sold without any limitation as to the purpose. The 5th section of this chapter is repealed in terms, and the 6th section, standing alone, is an entire prohibition of the sale of wine or spirituous liquors for any purpose whatever, for the section authorizing licenses to be granted is repealed, and it is clearly inconsistent with the provisions of the act of 1849, which admits of the sale for certain purposes. These two sections, then, being repealed, may be laid out of the case, and the question before us must be determined by the construction of the act of 1849 alone.

In relation to this point, we entertain no doubt. The first section prohibits the issue of a license for any other purpose than those specified. The 2d section punishes any person, " not licensed as aforesaid," who shall sell wine or spirituous liquors. Thus all licenses and sales, except for medicinal, mechanical and chemical purposes, are forbidden, the words of exclusion, " and for no other use or purpose," admitting of but one construction. Consequently, the respondent, having sold spirituous liquor for some other purpose than those specified, has violated the statute, and is liable to a penalty.

*Judgment for the State.*